**This order is SIGNED.**

Dated: February 11, 2020



**JOEL T. MARKER**
**U.S. Bankruptcy Judge**



Armand J. Howell, Bar Number 10029
Benjamin J. Mann, Bar Number 12588
HALLIDAY, WATKINS & MANN, P.C.
Attorneys for U.S. Bank Trust National Association, as Trustee of the Igloo Series III Trust
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Telephone: 801-355-2886
Fax: 801-328-9714
Email: brian@hwmlawfirm.com
File No: 55690

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 17-30078 JTM |
| ERIC J GUERRERO AND CENOBIA JAVIER | Chapter 13 |
| Debtors. | **ORDER BASED ON STIPULATION TO CURE POST-PETITION ARREARAGE** |
| | [Filed Electronically] |

Based upon the previously filed stipulation, entered into between U.S. Bank Trust National Association, as Trustee of the Igloo Series III Trust, by and through its attorney, Armand J. Howell, and the Debtors, by and through their attorney, Tony G. Jones, and for good cause appearing,

IT IS HEREBY ORDERED:

1. That in the event any of the payments set forth in the foregoing stipulation are not made as required by that stipulation, then U.S. Bank Trust National Association, as Trustee of the Igloo Series III Trust and its successors and assigns, by proceeding as set forth in the said stipulation, may obtain an ex parte order modifying and terminating the automatic stay with respect to the following described real property:

> Lot 328, WALDEN GLEN SUBDIVISION NO. 3, according to the plat thereof, as recorded in the office of the County Recorder of said County;
>
> Commonly known as 5507 S. Walden Glen Dr, Murray, UT 84123-7942;

to permit U.S. Bank Trust National Association, as Trustee of the Igloo Series III Trust and its successors and assigns to pursue its rights and remedies under state and federal law.

2. In the event the stay is terminated, the unpaid pre-petition default amounts shall be excluded from the Chapter 13 plan and an amended proof of claim showing the same shall be filed with the court within 180 days of relief from stay or such claim shall be paid $0.00 under the amended plan and a copy shall be mailed to the Chapter 13 Trustee.

3. That the debtors shall cure, within 30 days, any delinquency which may exist in their Chapter 13 plan payments.

4. The terms and conditions set forth herein governing the continuation and termination of the automatic stay shall not be amended or altered or superseded by the confirmation order entered in this case but shall be considered a part of and integrated into the confirmation order.

5. That if the automatic stay is terminated pursuant to this order prior to confirmation, the automatic stay shall not be reimposed by the entry of the confirmation order.

6. In the event that this case is converted to another case under Chapter 11 of the U.S.C., this agreement shall be valid and binding on any additional party, including an appointed trustee.

END OF ORDER

**DESIGNATION OF PARTIES TO BE SERVED**

Service of the foregoing **ORDER BASED UPON STIPULATION TO CURE POST-PETITION ARREAGES** shall be served to the parties and in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

| | |
|---|---|
| Lon Jenkins | United States Trustee |
| Chapter 13 Trustee | USTPRegion19.SK.ECF@usdoj.gov |
| ecfmail@ch13ut.org | |
| 1neebling@ch13ut.org | Armand J. Howell |
| | HALLIDAY, WATKINS & MANN, P.C. |
| Tony G. Jones | Secured Party's Attorney |
| Debtor's Attorney | armand@hwmlawfirm.com |
| ecfmail@davisjoneslegal.com | |
| jonestr43657@notify.bestcase.com | |
| davisjonesecfmail@gmail.com | |
| davislr43657@notify.bestcase.com | |

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

Eric J Guerrero and Cenobia Javier
5507 South Walden Glen Drive
Salt Lake City, UT 84123

/s/ Armand J. Howell
Armand J. Howell
Attorney for Secured Creditor

Armand J. Howell, Bar Number 10029
Benjamin J. Mann, Bar Number 12588
HALLIDAY, WATKINS & MANN, P.C.
Attorneys for U.S. Bank Trust National Association, as Trustee of the Igloo Series III Trust
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Telephone:  801-355-2886
Fax:  801-328-9714
Email: armand@hwmlawfirm.com
File No:  55690

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>ERIC J GUERRERO aka ERIC J GUERRERO, SR aka ERIC JAVIER-GUERRERO dba LIMPIE AND CENOBIA JAVIER aka CENOBIA JAVIER, SR<br><br>Debtors. | Bankruptcy Case No. 17-30078 JTM<br><br>Chapter 13<br><br>**STIPULATION TO CURE POST-PETITION ARREARAGE**<br><br>[Filed Electronically] |

U.S. Bank Trust National Association, as Trustee of the Igloo Series III Trust, hereinafter referred to as ("Secured Creditor") by and through its attorney, Armand J. Howell, and the Debtors, by and through their attorney, Lee J. Davis, hereby stipulate as follows:

1. That as of February 6, 2020, the Debtors are delinquent one (1) post-petition payments of $649.22 each from February 2020, with a suspense balance of $93.98, for a total delinquency of $555.24 and agree to cure this amount as set forth below.

2. That Secured Creditor has expended reasonable attorney fees and expenses in this

action in the sum of $1,031.00, which amount Debtors agree to pay as set forth below.

3. Debtors agree to make the following payments to cure the post-petition arrearage and other amounts owing as set forth in paragraphs 1 and 2 above (said payments also include current payments commencing with the January 2020 payment):

    a. Regular payments in the amount of $649.22 (or any additional amount as required by the Note or Trust Deed) due on or before the first day of each month for the months of March 2020 through July 2020;

    b. $317.25 due on or before March 15, 2020;

    $317.25 due on or before April 15, 2020;

    $317.25 due on or before May 15, 2020;

    $317.25 due on or before June 15, 2020;

    $317.24 due on or before July 15, 2020.

4. The payments required by paragraph 3 above must be made with certified funds at the office of BSI Financial Services, PO Box 679002, Dallas, TX 75267-9002.

5. Debtors shall make regular monthly payments of $649.22 (or any additional amount as required by the Note or Trust Deed) due on the first day of each month commencing May 2020, and thereafter and payable directly to BSI Financial Services, PO Box 679002, Dallas, TX 75267-9002. Debtors also agree to pay with the payments above in paragraph 3 any additional amount, if any, due to an increase in the monthly reserve requirement following notice by Secured Creditor.

6. In the event any of the regular monthly payments required by paragraph 5 or any payments required by paragraph 3(a) or 3(b) are not paid when due, then Secured Creditor may

obtain an ex parte order terminating the automatic stay by presenting an affidavit of nonpayment to the Court without need for further hearing, but only after giving written notice of the nonpayment to Debtors and Debtors' attorney, and the unpaid amounts, plus any payments coming due within the ten (10) day period following the date of the notice, remain unpaid for ten (10) days following the date of the notice. Notice shall be by certified mail and shall be complete upon deposit in the U. S. Mail. However, and notwithstanding the foregoing to the contrary, in the event three such written notices are given and there is a fourth default by Debtors, then Secured Creditor shall be entitled to an ex parte order terminating the automatic stay by presenting an affidavit and order to the Court, but without the necessity of giving a fourth written notice or any other notice to Debtors.

7. All written notices required hereunder shall be addressed as follows:

Eric J Guerrero and Cenobia Javier
5507 South Walden Glen Drive
Salt Lake City, UT 84123
Debtors

Lee J. Davis
5663 South Redwood Road, Suite 1
Taylorsville, UT 84123

8. The acceptance by Secured Creditor of a late or partial payment shall not act as a waiver of Secured Creditor's right to proceed hereunder.

9. In the event Debtors are delinquent in Chapter 13 plan payments, Debtors agree to cure the delinquency within 30 days.

10. With respect to Rule 4001(a)(3), the Court should allow immediate enforcement of any order for relief granted in accordance with this stipulation and the order filed herewith.

11. The Court is requested to execute the Order Based on Stipulation to Cure Post-Petition Arrearage filed herewith.

DATED this 7th day of February, 2020,

*/s/Armand J. Howell*

Armand J. Howell

Attorney for Secured Creditor.